# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RxUSA INC., and
RxUSA INTERNATIONAL INC.,

       Plaintiffs,

v.              Case No. 06-C-790

CAPITOL RETURNS INC.,
CLAUDE A. DANCE,
PETE M. SKLADANEK, and
JOHN DOES 1-10,

       Defendants.

CAPITAL RETURNS INC.

       Counterclaimant,

v.

RxUSA INC., and
RxUSA INTERNATIONAL INC.,

       Counterdefendants.

## DECISION AND ORDER

Plaintiffs RxUSA, Inc. ("RxUSA") and RxUSA International, Inc. ("RxUSA Int'l") (collectively the "Plaintiffs") commenced this action in the Eastern District of New York. By their Complaint, they claim that Defendants Capital Returns, Inc. ("Capital Returns"), Claude A. Dance ("Dance"), Pete M. Skladanek ("Skladanek"), and John Does 1-10 ("Does") (collectively the "Defendants") made false representations to induce them to enter into an agreement whereby the Defendants agreed to return or destroy outdated or expired pharmaceuticals in exchange for payment of commissions. The Complaint, which includes claims arising under federal law and state common law, sets forth eight causes of action. On July 24, 2006, the action was transferred to this Court pursuant to the New York district court's order granting the Defendants' motion to transfer pursuant to a choice of venue clause.

Jurisdiction is afforded by 28 U.S.C. § 1331, because the Plaintiffs' claims arise under federal law, as well as by 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000. Venue is proper under 28 U.S.C. § 1391(b).

This matter comes before the Court on the Defendants' motions to strike the "answer"[1] to the counterclaim (Docket No. 64) and for default judgment on the counterclaim. (Docket No. 65).[2]

---

[1] The Plaintiffs incorrectly titled their responsive pleading to the counterclaim as an "answer." Federal Rule of Civil Procedure 7(a) lists the types of pleadings to be filed and states: "There shall be . . . a reply to a counterclaim denominated as such." In this decision, the Court will refer to the responsive pleading filed by the Plaintiffs as they termed it. However, when referring to the responsive pleading that is to be filed in conjunction with a counterclaim, the Court will refer to the pleading, properly, as a reply.

[2] Also pending is the Defendants' motion for judgment on the pleadings. That motion will be addressed in a separate decision.

2

Before addressing the motions, the Court notes some procedural deficiencies in the relevant filings. The procedural requirements of the Federal Rules of Civil Procedure are supplemented by the Local Rules promulgated by this district. (The Local Rules are available at www.wied.uscourts.gov). Civil L.R. 7.1 (E.D. Wis.) addresses motions.

Civil Local Rule 7.1 of this district provides that "the opposing party must serve a response brief." It further provides "failure to file a timely brief **shall** be deemed a waiver of the right to submit it."

Contrary to the rules, the Plaintiffs filed no response to either motion and took a significant risk in failing to do so. They could be deemed to have conceded the motion. Overall, as will be further delineated, the Plaintiffs' performance before this Court has been less than diligent. And, this Court has no obligation to act as counsel or an advocate for any party.

It is not the role of this Court to educate represented litigants regarding its rules. Counsel is admonished to carefully review and adhere to the requirements of the local rules of this district.

*Background*

On October 30, 2006, the Defendants filed an answer and a counterclaim for breach of contract for commissions owed. That day the Defendants also filed a motion for judgment on the pleadings. The Plaintiffs did not file a reply to the counterclaim or a timely response to the motion for judgment on the pleadings within the time for such filings as provided by the applicable procedural rules.

3

The Defendants filed a request for entry of default on their counterclaim. On January 4, 2007, the Clerk of Court granted the Defendants' request for entry of default against the Plaintiffs on the counterclaim.

On January 9, 2007, the Plaintiffs filed a letter requesting an extension of time to oppose the Defendants' motion and to file a reply to the Defendants' counterclaims. The Plaintiffs' letter request did not cite any federal rule of civil procedure or any case law in support of the requests. The Plaintiffs' attorney, Michael Levine ("Levine"), stated that "I do not believe that I ever received a physical copy of the motion papers or the Defendants' answer . . . and that the electronic filing was missed by my office." (Levine Letter dated Jan. 9, 2007) (Docket No. 49.) By letter dated January 11, 2007, the Defendants opposed the requested extensions of time. By letter dated January 12, 2007, the Plaintiffs replied indicating that the Defendants had not pointed to any prejudice that had been occasioned by the delay in filing the opposition brief or reply to the counterclaim.

By order dated January 19, 2007, this Court granted the Plaintiffs' request to file a response to the motion for judgment on the pleadings and set a January 25, 2007, deadline for the filing of that response. The Court's order did not mention the request for leave to file a reply to the counterclaim.

On January 23, 2007, the Plaintiffs filed their brief in opposition to the motion for judgment on the pleadings. That same day, without leave of the Court, the Plaintiffs filed an "answer" to the counterclaim.

On February 9, 2007, the Defendants filed motions to strike the Plaintiffs' counterclaim "answer" and for default judgment on the counterclaim.

### *Motion to Strike*

The Defendants seek an order striking the Plaintiffs' counterclaim "answer." They contend that, because the Plaintiffs have not sought to vacate the default, their counterclaim answer was not properly filed.

The Defendants cite *Coleman v. Frierson*, 607 F.Supp. 1566, 1577 (D.C. Ill. 1985), *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927), and *In re Uranium Antitrust Litigation*, 473 F.Supp. 382, 386 (D.C. Ill. 1979), for the proposition that an entry of default bars a party from contesting the facts alleged in the complaint. The Defendants correctly cite the black letter law.

However, it also appears that the Plaintiffs are attempting to contest the counterclaim - - - although, thus far, procedurally inadequately. Significantly, the Complaint and the counterclaim arise out of the same contractual arrangement and make closely related claims. The Court gave the Plaintiffs leave to file a response to the motion for judgment on the pleadings.

To date, the Plaintiffs have not addressed the relevant legal criteria as required by the Federal Rules of Civil Procedure to obtain an enlargement of time to file a reply to the counterclaim. This Court has outlined the proper steps and legal criteria under the governing case law. *See Harris v. Clarke*, No. 06-C-230, 2006 WL 2401243, *2 (E.D. Wis. Aug. 17, 2006).

Under the circumstances presented by an overview of the file, at this juncture of the proceedings, the Court declines to strike the Plaintiffs' "answer" to the counterclaim. The Defendants' motion to strike is denied, without prejudice.

### *Motion for Default Judgment*

The Defendants move for entry of default judgment. In seeking the entry of default judgment, the Defendants rely upon the Clerk's entry of default and the improper filing of the counterclaim reply. The Plaintiffs did not respond to the motion.

The grant or denial of a motion for the entry of default judgment lies within the sound discretion of the trial court. *Dundee Cement Co. v. Howard Pipe & Concrete Prod.*, Inc., 722 F.2d 1319, 1322 (7th Cir. 1983). The court of appeals for this circuit has stated: "[w]e have long since moved away from the position of disfavoring default judgments, and we are therefore increasingly reluctant to set them aside." *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 103 F.3d 612, 617 (7th Cir. 1997) (quoting *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 47 (7th Cir. 1994)). However, the appeals court cautioned: "We are confident that district courts will not wield this tool as a blunt instrument with which to bludgeon every sloppy lawyer. Entry of default judgment is a serious penalty, one that may punish the client for the sins of counsel, and we remain sensitive to claims that a court has acted reflexively in imposing the sanction." *Calumet Lumber, Inc.*, 103 F.3d at 617.

The entry of a default order does not automatically mean that a default judgment will be entered. When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the Court is required to exercise judicial discretion in determining

whether the judgment should be entered. 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2685 at 30 (3d ed. 1998). *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir.1994) ("entry of default order does not, however, preclude a party from challenging the sufficiency of the complaint").

Although faltering, the Plaintiffs are attempting to remedy their errors in this litigation. The Plaintiffs' "answer" to counterclaim reveals that they intend to raise a number of defenses to the Defendants' counterclaim. The Plaintiffs assert that the contract is void due to fraud, misrepresentation, and other malfeasance of the Defendants, and that the Defendants never performed fully and, therefore, they are not entitled to commissions for their services. The Plaintiffs support these allegations with promotional material, e-mails and affidavits. This is a colorable position, which is also raised by the Complaint. The case is in its early stages. There is no indication that this delay will prejudice the Defendants. While recognizing that default judgments are no longer disfavored, the Court declines to grant default judgment given the procedural status of this case. Thus, the Defendants' motion for default judgment on their counterclaim is denied, without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants' motion to strike the reply to the counterclaim (Docket No. 64) is **DENIED**; and,

The Defendants' motion for default judgment (Docket No. 65) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th of July, 2007.

                                       **BY THE COURT**

                                       **s/ Rudolph T. Randa**
                                       **Hon. Rudolph T. Randa**
                                       **Chief Judge**