**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RxUSA, INC.,**
**and RxUSA INTERNATIONAL INC.,**

        **Plaintiff,**

   **v.**                                                            **Case No. 06-C-790**

**CAPITAL RETURNS, INC.,**
**CLAUDE A. DANCE,**
**PETE M. SKLADANDEK,**
**and JOHN DOES 1-10,**

        **Defendants.**

---

## DECISION AND ORDER

---

This matter is before the Court on the motion of the Plaintiffs, RxUSA, Inc. and RxUSA International, Inc. (collectively "RxUSA"), for leave to file an amended complaint. The proposed amended complaint makes the following changes: (1) removes the counts dismissed by the Court's September 14, 2007, Decision and Order granting judgment on the pleadings to the extent that four of the eight counts of the Complaint were dismissed; (2) adds Defendants Claude A. Dance ("Dance") Dance and Pete M. Skladandek ("Sklandanek") to the fraud claim against Defendant Capital Returns, Inc. ("Capital Returns") and adds factual allegations with respect to Dance and Skladanek's fraudulent representations; (3) adds a breach of contract claim against Capital Returns; and (4) eliminates the Defendants identified

as John Does 1-10.[1]  RxUSA states that the new matters resulted from evidence uncovered during discovery and pose no prejudice to the Defendants.

The Defendants oppose the motion to amend, except to the extent that it amends the Complaint to reflect the Court's decision on the motion for judgment on the pleadings and could add a limited breach of contract claim alleging that Capital Returns breached a section of the Service Agreement with regard to the passing along of the shipping charges. (Defs.' Mem. Opp'n Mot. Leave File Am. Compl. 5 n.4.)  The Defendants state that amendment of the complaint to include Dance and Skladanek in the fraud claim, and the breach of contract claim as proposed, which is also based on pre-contractual communications between the parties, would be futile.  In so contending, the Defendants maintain that the fraud claim against Dance and Skladanek and that portion of the breach of contract claim based on pre-contractual communications would not survive a motion to dismiss.  The Defendants do not state that they would be prejudiced by the proposed amendments.  RxUSA did not file a reply.

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave."  The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue

---

[1] RxUSA does not mention the latter change made by its proposed amended complaint, which is attached to its motion.

Also pending is the motion for summary judgment filed by Capital Returns, Dance, Skladandek, and John Does 1-10 (collectively the "Defendants") dismissing RxUSA's remaining claims against them.  That motion will be addressed a separate decision.

2

as John Does 1-10.[1]  RxUSA states that the new matters resulted from evidence uncovered during discovery and pose no prejudice to the Defendants.

The Defendants oppose the motion to amend, except to the extent that it amends the Complaint to reflect the Court's decision on the motion for judgment on the pleadings and could add a limited breach of contract claim alleging that Capital Returns breached a section of the Service Agreement with regard to the passing along of the shipping charges. (Defs.' Mem. Opp'n Mot. Leave File Am. Compl. 5 n.4.)  The Defendants state that amendment of the complaint to include Dance and Skladanek in the fraud claim, and the breach of contract claim as proposed, which is also based on pre-contractual communications between the parties, would be futile.  In so contending, the Defendants maintain that the fraud claim against Dance and Skladanek and that portion of the breach of contract claim based on pre-contractual communications would not survive a motion to dismiss.  The Defendants do not state that they would be prejudiced by the proposed amendments.  RxUSA did not file a reply.

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave."  The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue

---

[1] RxUSA does not mention the latter change made by its proposed amended complaint, which is attached to its motion.

Also pending is the motion for summary judgment filed by Capital Returns, Dance, Skladandek, and John Does 1-10 (collectively the "Defendants") dismissing RxUSA's remaining claims against them.  That motion will be addressed a separate decision.

2

prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)). Delay on its own is usually not reason enough for a court to deny a motion to amend. *Soltys*, 520 F.3d at 742. If an amended claim would not survive a motion to dismiss, the amendment is futile. *Vargas-Harrison v. Racine Unified Sch. Dist.,* 72 F.3d 964, 974-75 (7th Cir. 2001). To state a claim upon which relief may be granted a plaintiff, must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). (Citations omitted).

The Wisconsin common law of intentional misrepresentation requires that a plaintiff prove that: "(1)[t]he defendant made a factual representation; (2) which was untrue (3) the defendant made the representation knowing it was untrue or made it recklessly without caring whether it was true or false; (4) the defendant made the representation with intent to defraud and to induce another to act upon it; and, (5) the plaintiff believed the statement to be true and relied upon it to his/her detriment." (Court's September 14, 2007, Decision and Order 18 (quoting *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 211 (Wis. 2005).) Previously, the Court held that the allegations of the Complaint regarding Capital Returns' fraudulent scheme, when read in their entirety and construed in the light most favorable to RxUSA, alleged facts indicating that upon entering into the Service Agreement Capital Returns had no intention of actually performing as promised. (Court's September 14, 2007,

Decision and Order 19.) The proposed amended complaint adds similar allegations about fraudulent representations made by Dance and Skladanek.

Dance and Skladanek proffer their testimony indicating that they performed the Service Agreement. However, at the pleading stage, their testimony does not establish that RxUSA has not alleged a plausible fraud claim against them. Therefore, the amended complaint will be allowed as to the allegations of fraud against Dance and Skladanek. *See U.S. Oil Co. v. Midwest Auto Care Servs., Inc.*, 440 N.W.2d 825, 827 (Wis. Ct. App. 1989) (citing *Hartwig v. Bitter*, 139 N.W.2d 644, 646 (Wis. 1966)). *See also, Friends of Kenwood v. Green*, 619 N.W.2d 271, 275 (Wis. Ct. App. 2000).

The Defendants also oppose the proposed breach of contract claim against Capital Returns, except to the extent that it alleges that Capital Returns breached a section of the Service Agreement with regard to the passing along of the shipping charges. The Defendants assert that RxUSA's other breach of contract allegations are based on communications by the parties prior to signing the Service Agreement on October 20, 2003,[2] and that RxUSA may not assert such claims because the Service Agreement contains an integration clause. The integration clause in Service Agreement may provide a defense to a breach of contract claim based on pre-contractual communications. *See In re Spring Valley Meats, Inc.*, 288 N.W.2d 852, 856 (Wis. 1980). However, there are circumstances under

---

[2]The Defendants' memorandum states the date of the Service Agreement was October **10,** 2003. (Defs.' Mem Opp'n Mot. for Leave to File Am. Compl. 5.) However the Service Agreement attached as a Exhibit A to the memorandum is dated October 20, 2003. The Court has corrected the error.

4

which the inclusion of an integration clause in a contract may not bar the additional terms. *See id.*

The Defendants have not established that RxUSA's proposed claims are futile because they would not survive a motion to dismiss. The Defendants have also not contended that they would be prejudiced by the amendment of the complaint. Therefore, the Court grants RxUSA's motion for leave to file an amended complaint.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

RxUSA's motion for leave to file an amended complaint (Docket No. 85) is **GRANTED**.

The Clerk of Court is **DIRECTED TO** file the amended complaint, which is attachment two to RxUSA's motion for leave to file an amended complaint.

Dated at Milwaukee, Wisconsin this 30th day of January, 2009.

**BY THE COURT**

*s/ Rudolph R. Randa*
**Hon. Rudolph T. Randa
Chief Judge**